The Honorable Thomas Moore State Representative 427 Trivista Left Hot Springs, AR 71901
Dear Representative Moore:
You have presented the following questions for my opinion:
 (1) Can the county collector's automation fund be used to give salary (merit) increases to employees in the collector's office, to offset administrative costs?
 (2) If so, can the collector give his or her employees an average of 7.53 merit increase in their salaries if the collector believes this amount to be reasonable?
 (3) If so, and the money is available in the county collector's automation fund, can the members of the finance committee of the quorum court turn down the collector's request for an appropriation for this purpose.
(4) Is a 7.53 merit increase reasonable?
The county collector's automation fund, to which your questions refer, is established in A.C.A. § 21-6-305.
RESPONSE
Question 1 — Can the county collector's automation fund be used to givesalary (merit) increases to employees in the collector's office, tooffset administrative costs?
In my opinion, the county collector's automation fund cannot be used to give salary increases to employees in the collector's office unless the quorum court approves this use of the fund and makes an appropriation for that purpose.
Arkansas law is clear in its grant of authority to the quorum court to determine the salaries of county employees. Indeed this grant of authority is stated in at least four locations in the law. First, Amendment 55, § 4 of the Arkansas Constitution states:
 In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to . . . fix the number and compensation of deputies and county employees[.]
Ark. Const., Am. 55, § 4.
The quorum court's authority with regard to the compensation of county employees is also reflected in the statutory enumeration of county powers, as follows:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
* * *
(6) Fix the number and compensation of deputies and county employees[.]
A.C.A. § 14-14-801(a)(b)(6).
Similarly, A.C.A. § 14-14-1206(a) states:
 (a) COMPENSATION. The quorum court of each county shall, by ordinance, fix the number and compensation of all county employees.
A.C.A. § 14-14-1206(a).
Finally, A.C.A. § 14-14-1203 states:
 (a) APPROPRIATION REQUIRED. All compensation, including salary, hourly compensation, expense allowances, and other remunerations, allowed to any county or township officer, or employee thereof, shall be made only on specific appropriation by the quorum court of the county.
A.C.A. § 14-14-1203(a).
The four citations set forth above make clear that the quorum court is the entity that is to have final authority to establish the compensation of county employees. I must conclude, therefore, that the quorum court must approve any use of funds for the compensation of county employees.
This conclusion does not dictate a conclusion that the county collector's automation fund cannot be used for the purpose of increasing the salaries of the employees of the county collector. It simply means that the quorum court must approve such a use of the fund. The permissible uses of the county collector's automation fund are set forth in A.C.A. §21-6-305(c)(2), as follows:
 (2)(A) The county collector may set aside up to ten percent (10%) of the gross commissions collected annually to be credited to the county collector's automation fund:
(i) To operate the office of the county collector;
(ii) For administrative costs; and
 (iii) To purchase, maintain, and operate an automated record-keeping system.
 (B) The acquisition and update of software for the automated accounting and record-keeping system shall be a permitted use of these funds.
A.C.A. § 21-6-305(c)(2).
The language quoted above setting forth the permissible uses of the county collector's automation fund is quite broad. These enumerated uses, so broadly stated, could clearly encompass a use of the fund for the purpose of increasing the salaries of the collector's employees, provided that the amount of these employees' salaries that is paid from the fund is attributable to duties performed by these employees in carrying out the enumerated permissible uses of the fund. However, the quorum court must approve this use of the fund, as clearly established by the four sources of law that are quoted above. Accord, Op. Att'y Gen. No. 2001-094.
Question 2 — If so, can the collector give his or her employees anaverage of 7.53 merit increase in their salaries if the collectorbelieves this amount to be reasonable?
In my opinion, the collector can suggest a 7.53 salary increase for his or her employees, but this suggested increase cannot be effective unless it is approved by the quorum court, as discussed in response to Question 1.
Question 3 — If so, and the money is available in the county collector'sautomation fund, can the members of the finance committee of the quorumcourt turn down the collector's request for an appropriation for thispurpose.
In my opinion, the finance committee of the quorum court can advise the full quorum court to turn down the collector's request for an appropriation for salary increases for the collector's employees, but the ultimate decision must be made by the full quorum court, as discussed in response to Question 1. Because quorum courts have so clearly been granted the authority and responsibility for the appropriation of county funds, they cannot delegate this authority and responsibility to their finance committees; such a delegation of authority would be contrary to state law. Counties are strictly prohibited from taking actions that are contrary to state law. See Ark. Const., Am. 55, § 1; A.C.A. §14-14-805(13). Therefore, the quorum court must accept the finance committee's recommendation to turn down the collector's request for an appropriation for salary increases for the collector's employees.
Question 4 — Is a 7.53 merit increase reasonable?
I cannot answer this question. The question of whether any amount of salary increase is reasonable is a question of fact that must be determined on the basis of all of the pertinent circumstances of the case. The Attorney General is not authorized to make factual determinations of this nature.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General